ROYLE & PILKINGTON COMPANY, INCORPORATED v.
JAMES S. CURRIE, COMMISSIONER OF REVENUE.

(Filed 23 September, 1959.)

1. Taxation § 29—

 The 1957 amendment of G.S. 105-147(9)d enlarges the time for a loss carry-over and permits a taxpayer in computing its income tax for the year 1957 to bring forward losses for the prior five years as a credit against income, and the contention that the 1957 act is prospective in effect only is untenable since the 1957 act has no saving clause and therefore a prospective interpretation would deny taxpayers the right to deduct any losses for the years prior to its effective date.

HIGGINS, J., not sitting.

APPEAL by defendant from *Huskins, J.,* February 1959 Term of HAYWOOD.

This action was instituted to recover income taxes assessed by defendant and paid under protest. The facts were stipulated. Plaintiff sustained economic losses as defined by statute (G.S. 105-147(9)d) for 1953, $16,062.96, 1954, $27,436.18, and 1955, $1,003.39. It had net income in 1956, $15,269.05, 1957, $18,078.87.

PILKINGTON CO. *v.* CURRIE, COMR. OF REVENUE.

When plaintiff filed its tax returns for the year 1956 it applied that portion of its 1954 loss which equaled its 1956 income to relieve it of income tax liability for that year. In preparing its return for the year 1957 it carried forward as a deduction from income the 1953 loss of $16,062.96 and $2,015.91 of its 1954 loss, leaving it with an unused loss of $10,151.22 for 1954 and $1,003.39 for 1955 to be applied as a credit against income in years subsequent to 1957. The Commissioner disallowed the deduction as made by plaintiff but deducted the loss sustained in 1955 from the income earned in 1957 and computed the tax on this balance. Plaintiff paid the tax so assessed under protest and in apt time demanded a refund. His demand was refused. He thereupon instituted this action. Judgment was rendered on the stipulated facts for plaintiff and defendant appealed.

*William I. Millar for plaintiff, appellee.*
*Attorney General Seawell and Assistant Attorneys General Abbott and Pullen for defendant, appellant.*

RODMAN, J. Prior to 1943 our statutes permitted a taxpayer, in determining his income tax liability, to deduct from his income only those losses sustained during the income year. c. 158 §322 P.L. 1939.

This provision was enlarged by c. 400 §4 S.L. 1943. That Act amended subsection 6 of §322 of the Revenue Act (G.S. 105-147) by adding a paragraph reading: "Losses may be carried forward by the taxpayer for two succeeding tax years as a credit against income received in either of the two succeeding years subject to the following limitations: (Not here material). The deduction herein authorized shall be permitted in determining any income tax which shall become due and payable on or after January first, one thousand nine hundred and forty-four."

This provision limiting the right to carry losses forward for a period of two years remained in effect until 1957. Plaintiff, when it filed its tax return, did not therefore seek to offset its 1953 loss against its 1956 income, but used for that purpose a part of the 1954 loss.

The Legislature, by c. 1340 §4 S.L. 1957, amended the statute relating to deductions by striking out the phrase "either or both of the two preceding income years" inserted by the 1943 amendment and inserted in lieu thereof the words "any or all of the five preceding income years," making the statute read as now appears in G.S. 105-147(9)d.

Defendant contends this amendment is prospective in its operation and has no application to losses sustained prior to 1957. This contention requires us to ascertain legislative intent.

When the amending statute is examined in its entirety, we think it clear that the Legislature intended that a taxpayer, beginning with the year 1957, might deduct from his income losses sustained during any of the preceding five years. It provides in subsection (bg) : "Except as otherwise expressly provided herein, this Section shall take effect for income years beginning on or after January first, one thousand nine hundred fifty-seven."

There is nothing to suggest that the Legislature intended to diminish the right granted taxpayers in 1943 to reduce their taxable income by the amount of losses sustained in prior years. Clearly it intended to enlarge the right. What may be deducted is prescribed by §147. If, as defendant contends, the 1957 amendment is prospective in its operation and only permits the deduction of losses occurring subsequent to 1957, taxpayers having incomes in 1957 and 1958 would be denied the privilege of deducting any prior losses for there is no provision saving to them the right to deduct losses sustained within two prior years; and the Commissioner was in error in deducting from plaintiff's 1957 income the loss sustained in 1955. We cannot conceive that the Legislature intended any such result. It meant, we think, what the language used plainly says, namely, that deductions may be taken for losses occurring within any of the five previous years.

This view is fortified by subsection (ail) amending paragraph 5 of subsection 6 (now 9) of G.S. 105-147 so as to limit the right of the taxpayer to take credit for the losses there described to those incurred during income years beginning prior to 1 January 1957.

The conclusion here reached conforms with decisive interpretations of the related Federal statute. *Reo Motors v. Commissioner,* 338 U. S. 442, 94 L. ed. 245, 70 S. Ct. 283.

Affirmed.

Higgins, J., not sitting.