## WALTER D. and PATRICIA D. MILLER *v.*
## DEPARTMENT OF REVENUE

Morris J. Galen, Tonkon, Galen & Baker, Portland, represented plaintiffs.

Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered February 20, 1974.

CARL N. BYERS, Judge pro tempore.

Plaintiffs appeal from an order of the Department of Revenue denying refund claims for the years 1967 and 1968. Plaintiffs' refund claims are based on an attempt to carry back net operating losses incurred in the tax years 1969 and 1970. The Department of Revenue denied the claims on the ground that a net operating loss incurred after January 1, 1969, cannot be carried back to tax years prior to that date.

The parties have stipulated to the facts and argue

only the application of the law to those facts. Plaintiffs are husband and wife, Oregon residents, who have apparently been engaged in business since prior to 1967. Plaintiffs report their income using the cash-receipts method and file their returns on a calendar-year basis. They filed their income tax returns for the years 1967 and 1968 with the Department of Revenue (then State Tax Commission) and paid an undisclosed amount of tax. In 1969 and 1970, the plaintiffs incurred net operating losses of $280,384 and $269,286, respectively.

In accordance with the provisions of the Int Rev Code of 1954, § 172, the plaintiffs carried back their net operating losses to the prior three years on their federal income tax returns. In the belief that § 172 is now part of Oregon's income tax law, plaintiffs attempted to carry back the losses on their Oregon income tax returns for the years 1967 and 1968 by filing amended income tax returns and refund claims for those years. Defendant denied the refund claims on the ground that § 172 of the Internal Revenue Code of 1954 does not apply to the taxpayers' 1967 and 1968 years.

The carry-forward and carry-back aspect of the net operating loss deduction is one of the methods employed by legislative bodies in overcoming the rigidity inherent in the concept of an annual tax. The length of the period over which the loss can be extended and the direction in which it can be deducted and, in fact, even the existence of the net operating loss deduction, has had a "checkered career." 5 Mertens, *Law of Federal Income Taxation* § 29.01. Under the current provisions of Int Rev Code of 1954, § 172, a net operating loss deduction must be carried back to the three prior years,

reducing the taxable income for those years, before it may be carried forward to reduce the taxpayer's future taxable income.

Prior to the adoption of the Personal Income Tax Act of 1969, Oregon's income tax law provided for a carry-forward only of net operating losses for up to five years. ORS 316.353. In many instances, this meant that an Oregon taxpayer would carry back a net operating loss on his federal return and carry forward the same loss on his state return. Because of this and many other dissimilarities in the two income tax systems, the 1969 legislature determined to make the individual's federal taxable income the measure of his Oregon taxable income, subject to certain modifications.

Plaintiffs' appeal questions the effect of the 1969 act on the differences in treatment of a net operating loss as mentioned above. The plaintiffs contend that, as a result of the adoption of the act, Oregon has embraced the federal Internal Revenue Code. Plaintiffs reason that this entitles them to carry back their 1969 and 1970 net operating losses to prior taxable years on their Oregon income tax returns. If the plaintiffs are not able to carry back their losses, the dissimilarities in treatment as to the pre-1969 years will cause them to forever lose any tax benefit from the loss since the Oregon income tax law is now in lock-step with the federal income tax law.

Most of the plaintiffs' contentions in support of their position are clear and unquestioned. The plaintiffs argue that:

(1) A net operating loss carry-back or carry-forward is a procedural step governed by the law in effect when the loss is incurred;

(2) Section 172 of the Internal Revenue Code of 1954 is mandatory in its application and requires net operating losses to be carried back to the prior three years before any unused net operating loss may be carried forward; and

(3) No modifications are required to be made to the 1969 and 1970 net operating losses incurred by the plaintiffs under ORS 316.067.

The Department of Revenue agrees with all of the above propositions of the plaintiffs. The department denies, however, that these propositions or any other provision of the 1969 act permit the plaintiffs to carry back their post-1969 losses to prior years.

■ The issue of this case as framed by the plaintiffs is whether Oregon has adopted the federal Internal Revenue Code as the income tax law of Oregon. Or, stated more precisely; is § 172 of the Internal Revenue Code of 1954 a part of Oregon's statutory law by virtue of the enactment of the Personal Income Tax Act of 1969 and, therefore, controlling upon the Department of Revenue and the plaintiffs? Plaintiffs cite ORS 316.007 and 316.012 as authority for the proposition that Oregon has adopted the federal Internal Revenue Code by reference. However, the plaintiffs have not pointed to any specific language in either of those sections, nor is the court able to find any language which expressly adopts the Internal Revenue Code. ORS 316.007 states:

"It is the intent of the Legislative Assembly, by the *adoption of this chapter,* in so far as possible, to make the Oregon personal income tax law *identical in effect* to the provisions of the federal Internal Revenue Code of 1954 relating to the *measurement* of taxable income of individuals, * * *." (Emphasis supplied.)

The court has examined the cited sections closely and is unable to discover any language adopting the federal code. What the sections do, and were intended to do, is eliminate differences in meanings, terms, rules, methods, and computations by which taxable income is determined. When read in context with ORS 316.037, which imposes a tax on the taxable income of Oregon residents, and ORS 316.062, which defines the taxable income of an Oregon resident as his federal taxable income, it is apparent that Oregon has not merely adopted the Internal Revenue Code of 1954 as Oregon's income tax statute. To the contrary, ORS 316.062 makes it clear that the provisions of the Internal Revenue Code are relevant to Oregon only to the extent that they are used in determining the individual's federal taxable income.

Thus, the fulcrum on which the Oregon income tax law rests is not the adoption of the federal Internal Revenue Code but the adoption of the individual's federal taxable income. By adopting the individual's federal taxable income as the starting point for determining his Oregon taxable income, Oregon has necessarily embraced a myriad of federal principles, definitions and rules. It has also, however, eliminated the need for many sections under the prior Oregon income tax law which dealt with the definition of gross income and the basic exclusions therefrom. If the plaintiffs' contentions were valid, there would be no need for ORS 316.062, which expressly adopts § 63 of the Internal Revenue Code of 1954, or ORS 316.037, which establishes the rate of tax, since adoption of the Internal Revenue Code by reference would include the definition of taxable income found in Int Rev Code of 1954, § 63 and the federal tax rates and tables found in §§ 1 through 5.

■ Plaintiffs' contentions, however, are not answered entirely by concluding that the Personal Income Tax Act of 1969 does not adopt the Internal Revenue Code of 1954 per se. It is possible to construe the act in such a way as to mean that the individual's Oregon taxable income is subject to the same rules and regulations as his federal taxable income under the Internal Revenue Code. The expression of the legislative policy in ORS 316.007 to make the laws "identical in effect" lends weight to this argument. Plaintiffs contend that if a net operating loss suffered after January 1, 1969, must, under the provisions of Int Rev Code of 1954, § 172, be carried back on their federal return, the same loss must be permitted to be carried back on their Oregon income tax return in order for the two tax laws to be "identical in effect" and consistent with legislative policy.

However, such a construction would give retroactive effect to the law and to the policy, since the pre-1969 Oregon taxable income would be affected thereby. Plaintiffs cite no authority for applying the statute retroactively and it has long been the rule in Oregon that statutes will not be construed to be retroactive in operation unless they admit of no other reasonable construction. *Henderson v. State Tax Commission*, 182 Or 519, 188 P2d 630 (1948). Further and contrary to the plaintiffs' position, Oregon Laws 1969, ch 493, § 100, expressly provides:

> "* * * this Act applies to taxable years beginning on and after January 1, 1969, and *for prior taxable years the provisions repealed* by section 99 of this Act *continue in full force and effect*." (Emphasis supplied.)

While it is true that plaintiffs will be essentially deprived of the use of a net operating loss for tax

purposes, such deductions are matters of legislative grace in which the taxpayer has no vested interest. *New Colonial Ice Co., Inc. v. Helvering,* 292 US 435, 54 S Ct 788, 78 L Ed 1348, 4 USTC ¶ 1292, 13 AFTR 1180 (1934). As noted above, the legislature has frequently changed the extent of the deduction, which it should be remembered is allowed only "to overcome the sometimes harsh effect of taxing income strictly on an annual basis." *Calvin v. United States,* 354 F2d 202, 204 (10th Cir 1965), 16 AFTR2d 6025, cited in *Gamble v. Tax Commission,* 248 Or 621, 623, 432 P2d 805, 436 P2d 558 (1967). When making a major change in the tax law as it did in 1969, the legislature may well determine to leave the tax liabilities of prior years unchanged.

> "* * * We believe there is merit in the prior view of this court, as demonstrated by its decisions, that, in the absence of an indication to the contrary, legislative acts should not be construed in a manner which changes legal rights and responsibilities arising out of transactions which occur prior to the passage of such acts." (*Joseph v. Lowery,* 261 Or 545, 551-552, 495 P2d 273, 276 (1972).)

There is no indication or expression of legislative intent that the 1969 act should be applied retroactively. To the contrary, the legislature's intent as found in Oregon Laws 1969, ch 493, § 100, noted above, was to maintain the application of the prior law to those prior years. It is well settled that exemptions from taxation and deductions are strictly construed against the taxpayer and he must clearly bring himself within some statutory provision. *Keyes v. Chambers et al,* 209 Or 640, 307 P2d 498 (1956).

Therefore, it is the conclusion of the court that plaintiffs are not entitled to carry back their net op-

erating losses for 1969 and 1970 to prior years on their Oregon income tax returns and their refund claims based thereon must be denied. The order of the Department of Revenue denying the taxpayers' claims for refund is upheld.