Argued July 9, reversed September 5, 1974

# CHRISTIAN ET UX, *Appellants, v.* DEPARTMENT OF REVENUE, *Respondent.*

### 526 P2d 538

*Otto F. Vonderheit,* Eugene, argued the cause for appellants. With him on the briefs were Kaye C. Robinette and Vonderheit, Hershner & Hunter, Eugene.

*G. F. Bartz,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Theodore W. deLooze, Chief Tax Counsel, Salem.

HOWELL, J.

This suit was brought in the Oregon Tax Court seeking to reverse a ruling by the Department of Revenue denying loss carryback and carryforward deductions to the taxpayer. Plaintiffs suffered a net operating loss in 1969. They attempted to carry that loss back as a deduction to income earned in 1967 and 1968 or, in the alternative, to carry it over to 1970. The defendant demurred to the complaint on the grounds that it failed to state a cause of suit. The tax court sustained the demurrer and dismissed the suit. 5 OTR Adv Sh 364 (1974). We reverse.

The purpose of the carryforward and carryback aspect of the net operating loss deduction is to overcome the rigidity inherent in the concept of an annual tax. *Miller v. Dept. of Rev.,* 5 OTR 397 (1974). Without such a deduction the taxpayer who suffered a loss in one year and a gain in another would pay more tax than his true overall income would warrant.

Prior to 1969, Oregon's income tax law provided for a carryforward of up to five years for net operating losses. It did not allow a carryback of the losses. ORS 316.353 (repealed by Oregon Laws 1969, ch 493, § 99). The Internal Revenue Code of 1954, § 172, on the other hand, requires a net operating loss deduction to be carried back to three prior years before it can be carried forward to reduce the taxpayer's taxable income in the five subsequent years. Consequently, an Oregon taxpayer would find himself required to carry back a net operating loss on his federal return and, at the same time, obliged to carry it forward on his state return.

In 1969 the legislature passed the Personal Income Tax Act of 1969. This Act, subject to specific exceptions, adopted the federal Internal Revenue Code for the purpose of measuring personal income in Oregon.[1] Thus, net operating losses in Oregon now are governed by § 172 of the Internal Revenue Code.

The tax court first held that the carryback was not available to the plaintiffs because the plaintiffs

---

[1] ORS 316.007. "It is the intent of the Legislative Assembly, by the adoption of this chapter, in so far as possible, *to make the Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code of 1954* relating to the measurement of taxable income of individuals, estates and trusts, modified as necessary by the state's jurisdiction to tax and the revenue needs of the state; *to achieve this result by the application of the various provisions of the federal Internal Revenue Code relating to* the definition of income, exceptions and exclusions therefrom, *deductions* (business and personal), accounting methods, taxation of trusts, estates and partnerships, basis, depreciation and other pertinent provisions relating to gross income as defined therein, modified as provided in this chapter, resulting in a final amount called 'taxable income'; and to impose a tax on residents of this state measured by taxable income wherever derived and to impose a tax on the income of nonresidents that is ascribable to sources within this state." (Emphasis added.)

were attempting to carry the loss back to 1967 and 1968 and the Oregon law in those years did not allow for a loss carryback.

> "[T]he law in force in the taxable year in which the net operating loss deduction is sought determines *the amount and the extent* of the carry-over or carry-back deductible in that particular year. Int. Rev Code of 1954, § 172 (e) * * *." (Emphasis in original.) 5 OTR Adv Sh at 369-70.

The court further held that a carryover to 1970 was not available because, for federal tax purposes, the deduction had been fully utilized by a carryback on the federal return to 1967 and 1968. The court stated that "[i]n each tax year, the taxpayer must look to his federal income tax report for that year in order to begin his Oregon tax return." 5 OTR at 372-73. As no deduction for carryover would be reflected in the plaintiffs' federal return, it could not be used in their state return.

To accept the reasoning of the defendant would be to deny plaintiffs any state tax relief for the loss suffered in 1969. Such a result would be based solely on the timing of the loss. We do not feel that such a result is warranted by the statutes or would be in accord with legislative intent. "If the plaintiffs are not able to carry back their losses, the dissimilarities in treatment as to the pre-1969 years will cause them to forever lose any tax benefit from the loss since the Oregon income tax law is now in lock-step with the federal income tax law." *Miller v. Dept. of Rev.*, supra, at 399.

■ ORS ch 316 had as its basic goal the incorporation of all the provisions of the federal Internal Revenue Code with regard to the measurement of personal

taxable income. As a result of this incorporation generally the taxpayer's federal taxable income will be the same as his state taxable income. ORS 316.062. However, incorporation does not mean that state taxable income will be identical with federal taxable income in all cases.

ORS 316.007 states that it is the intent of the legislature "in so far as possible, to make the Oregon personal income tax law identical *in effect* to the provisions of the federal Internal Revenue Code of 1954 * * *." The tax court ruled that state taxable income must be identical to federal. Adherence to this rule would have an *effect* opposite to the one intended by the legislature. The plaintiffs' 1970 loss would be deductible under the federal law but not under the state law.

A statutory exception to the general rule that federal taxable income will be the same as state taxable income is contained in ORS 316.047.[2] This statute

---

[2] ORS 316.047. "If any provision of the Internal Revenue Code or of this chapter requires that any amount be added to or deducted from federal gross income or the net income taxable under this chapter that previously had been added to or deducted from net income taxable under the Oregon law in effect prior to the taxpayer's taxable year as to which this chapter is first effective, then, in such event, appropriate adjustment shall be made to the net income for the year or years subject to this chapter so as to prohibit the double taxation or the double deduction of any such amount that previously had entered into the computation of taxable income. *Differences* such as the difference in basis of property used by the taxpayer for federal and Oregon income tax returns and *on account of the treatment of operating losses shall be resolved by application of this principle.* However, the department, in its audit of a return, shall not apply any adjustment under this section which, in its opinion, if applied would result in an increase or decrease of tax liability of less than $25. Where applicable, the provisions of ORS 314.275 shall be utilized." (Emphasis added.)

deals with transition problems inherent in going from one system of taxation to another. It provides for appropriate adjustments to prevent double taxation or double deductions. The statute specifically refers to the treatment of operating losses.

■ If the reference to operating losses in ORS 316.047 is to have any rational meaning, it must be assumed that it was meant to prevent double taxation through the loss of a deduction.

> "* * * It must be presumed that the legislative body had a purpose in mind in all the language it used, and it is the duty of the courts to endeavor to ascertain that purpose." *Blythe & Co., Inc. v. City of Portland,* 204 Or 153, 159, 282 P2d 363 (1955).

In the case of double taxation the legislature requires an adjustment be made to the taxpayer's net income. The most appropriate adjustment in this case would be to apply the carryback provisions of the Personal Income Tax Act of 1969 to the loss deductions on the taxpayer's income in 1967 and 1968.

The above conclusion is also supported by the apparent intent of the legislature in providing for the deduction of net operating losses. The legislature had a policy of allowing such deductions prior to the enactment of the Personal Income Tax Act of 1969, as shown by ORS 316.353 (repealed by Oregon Laws 1969, ch 493, § 99), the former loss carryover provision. The Personal Income Tax Act of 1969, by incorporating § 172 of the Internal Revenue Code, continues and expands the policy of allowing the taxpayer a deduction for net operating losses. It is unlikely that the legislature intended to interrupt that policy and deny a deduction only to those taxpayers who suffered a loss in the three years after the adoption of the new law.

■ The general rule with regard to the availability of loss carryback and carryover is that the loss is to be treated as though it occurred in the year to which it is to be carried. The law in effect in that year will govern. Internal Revenue Code of 1954, § 172 (e) ; *Reo Motors v. Commissioner,* 338 US 442, 449, 70 S Ct 283, 94 L Ed 245 (1949) ; *Callanan Road Improvement Company v. United States,* 404 F2d 1119 (2d Cir 1968). The defendant cites this general rule and argues that if we adopt plaintiffs' position and allow a carryback to 1967 and 1968 we will be giving retroactive effect to the 1969 law.

■ The Supreme Court of North Carolina was faced with a similar problem when that state changed from one form of loss carryover to another. A 1957 amendment extended the loss carryover from two to five years and specifically made the amendment effective for income years beginning with 1957. In *Royle & Pilkington Company v. Currie,* 250 NC 726, 110 SE2d 339 (1959), the government argued that the amendment was prospective and could not be applied to losses sustained prior to 1957. The court stated:

"There is nothing to suggest that the Legislature intended to diminish the right granted taxpayers in 1943 to reduce their taxable income by the amount of losses sustained in prior years. Clearly it intended to enlarge the right. If, as defendant contends, the 1957 amendment is prospective in its operation and only permits the deduction of losses occurring subsequent to 1957, taxpayers having incomes in 1957 and 1958 would be denied the privilege of deducting any prior losses * * *. We cannot conceive that the Legislature intended any such result." 110 SE2d at 340.

■ It is equally clear that the Oregon legislature did not intend to diminish the taxpayer's right to deduct

net operating losses when it adopted the federal Internal Revenue Code with its more liberal operating loss deductions. Rather, by passage of ORS 316.047, it intended that adjustments be made in the taxpayer's net income to alleviate inconsistent treatment resulting from the transition from the Personal Income Tax Act of 1953 to the Internal Revenue Code. The adjustment to the taxpayer's income should be based upon § 172 of the Internal Revenue Code.

■ The tax court ruled that § 172 of the Internal Revenue Code was not incorporated into Oregon law for the reason that it was not specifically mentioned. The court took the position that only the final "taxable income" from the federal return was incorporated into Oregon law. While there is no specific reference to § 172 or any other section of the Internal Revenue Code, ORS 316.007 states that the policy of the legislature is "to make the Oregon personal income tax law identical in effect to the *provisions* of the federal Internal Revenue Code of 1954 * * *; to achieve this result by the application of various *provisions* of the federal Internal Revenue Code relating to * * * deductions * * *." It is therefore apparent that § 172 of the Internal Revenue Code was incorporated. We are not impressed with the argument that § 172 of the federal Code was not adopted by the legislature along with the rest of the federal Code because § 172 was not specifically mentioned in the 1969 amendment. It does not seem practical to expect the legislature to mention each individual section of the Internal Revenue Code of 1954 in order to make the Oregon Personal Income Tax Law "identical in effect to the provisions of the federal Internal Revenue Code of 1954."

We conclude that it was the intention of the legis-

lature by its enactment of Oregon Laws 1969, ch 316, to adopt § 172 of the federal Internal Revenue Code allowing for the carryback and carryforward of net operating losses and, therefore, the plaintiffs are entitled to carry back their 1969 net operating loss to the years 1967 and 1968.

Reversed.