## GLENN A. and ELLEN Y. BECHTOLD *v.*
## DEPARTMENT OF REVENUE

Edward R. Hall and Peter L. Osborne, of the law

firm of Anderson, Hall, Lowthian & Gross, P.C., Portland, represented plaintiffs.

Ira W. Jones, Senior Assistant Attorney General, Salem, represented defendant.

Decision for plaintiffs rendered October 25, 1974.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed from the defendant's Order No. 236, denying plaintiffs' claim for a refund of their 1971 Oregon income tax payment, based on plaintiffs' contention that ORS 316.072 (2) (1969 Replacement Part) allows a carry-forward of taxable income losses reported in 1969 and 1970 which were attributable to the payments of federal income taxes for years prior to January 1, 1969.

The facts have been stipulated. For all the years involved, the plaintiffs were cash-basis taxpayers. In 1968, plaintiffs reported federal taxable net income of $395,427. Plaintiffs paid a portion of their 1968 federal income tax in 1968 and the $144,874 remainder on or before April 15, 1969. Plaintiffs' 1968 taxable income, for purposes of computing Oregon income taxes, was $333,897, on which the plaintiffs paid $31,380 of taxes to the State of Oregon. In 1969, plaintiffs reported a loss of $111,497 on their Oregon income tax return. In arriving at this loss, the plaintiffs followed the provisions of ORS 316.072 (2) and subtracted the $144,874 payment of 1968 federal taxes made in April 1969. On plaintiffs' 1970 Oregon income tax return, plaintiffs reported a loss of $49,505, the result of deducting a $58,260 tax deficiency payment the plaintiffs made in 1970 for the tax years 1962 through 1969. In 1971, the plaintiffs reported taxable income of $37,306

on their Oregon tax return. The plaintiffs assert that ORS 316.072 (1971 Replacement Part) would allow a carry-forward of the unused 1969 and 1970 reported operating losses to their 1971 taxable income.

Prior to the enactment of the Personal Income Tax Act of 1969, cash-basis taxpayers deducted their federal income taxes in the year in which they were paid (ORS 316.315 (1), repealed by Or Laws 1969, ch 493, § 99). In addition, ORS 316.353 (repealed by Or Laws 1969, ch 493, § 99) allowed a five-year carry-forward of net operating losses, which by definition in ORS 316.015 (1965 Replacement Part) included a deduction for federal taxes paid. ORS 316.-072, effective January 1, 1969, placed the federal income tax deduction allowed on the Oregon return on the accrual method of accounting, irrespective of the taxpayer's usual method of accounting. (This amendment was designed to simplify the reporting task, and to apply to the tax year being reported the whole of the tax deduction relating specifically to that year, whether actually paid in advance by estimate or withholding or in the subsequent year.) To prevent the loss of a deduction established by the former law for those previously reporting on the cash basis, ORS 316.072 allows that:

"(2) Cash basis taxpayers who have made payments of taxes for years beginning prior to January 1, 1969, in tax years beginning on or after January 1, 1969, shall be entitled to a deduction for such taxes paid for those years in accordance with their usual method of accounting."

ORS 316.072 (2) clearly allows a pre-1969 cash-basis taxpayer to continue to deduct taxes relating to pre-1969 tax years in the year in which they were paid, as permitted prior to enactment of ORS 316.072. The

defendant does not dispute such deductions. But plaintiffs contend that the words, "in accordance with their usual method of accounting," should be interpreted to require that the five-year loss carry-forward provisions of ORS 316.353 (1965 Replacement Part), which were repealed by Or Laws 1969, ch 493, § 99, continue to be effective for losses resulting from application of ORS 316.072.

The plaintiffs assert that their "usual method of accounting" allows for the carry-forward of net operating losses. As the plaintiffs pointed out, the federal Internal Revenue Code also uses the phrase "method of accounting." Section 481 (a) of the Internal Revenue Code of 1954 states that:

"(a) *General Rule.*—In computing the taxpayer's taxable income for any taxable year (referred to in this section as 'year of the change')—

"(1) if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed, then

"(2) there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted, * * *."

Plaintiffs' assertion is that an "accounting method" should be interpreted to include not only the taxpayer's method of reporting taxable income but also the manner in which the Internal Revenue Code taxes that income. In support of this theory, plaintiffs rely upon *Fred P. Pursell,* 38 TC 263 (1962), *aff'd per curiam,* 315 F2d 629 (3rd Cir 1963), 11 AFTR2d 1293. That case held, at 271, that "* * * section 481 (a) applies where there is a change in the method of accounting employed in computing taxpayer's taxable income and

is not limited in application to those situations wherein there has also been a change in the method of accounting employed in keeping taxpayer's books." The plaintiffs concluded from this statement that the adjustments could be made for a change in the taxability of the income as well as a change in the method of keeping the taxpayer's books and filed their 1971 joint income tax return accordingly.

 The court concludes that the language used in ORS 316.072 must be given its commonly accepted meaning in light of the context, which simply is that the "method of accounting" that a taxpayer uses refers to the reporting methods he uses *for purposes of reporting his income* (such as the accrual or the cash method). As such, the "accounting method" does not include a determination of *how* the income shall be *taxed.* This in fact was what the court stated in *Fred P. Pursell, supra,* at 270, when it said, "* * * section 481 (a) applies, by its express terms, to situations where there is a change in the method of computing income for tax purposes; that is, *for purposes of reporting income.*" (Emphasis supplied.)

The federal Tax Court did not include adjustments that were caused by changes in the tax law as the plaintiffs erroneously conclude. The court sought to make it clear that all changes in methods of *reporting income* could be grounds for adjustments under § 481 (a), despite the fact that a taxpayer did not change his method of bookkeeping (which the petitioners in that case asserted was necessary before § 481 (a) could be applied). The court did not interpret the section to include changes in taxability resulting from changes in tax laws (which is the source of loss carry-forwards and loss carry-backs). Thus, in applying the

holding of that case to the change in the accounting method (from cash to accrual) that occurred in this suit by reason of ORS 316.072, the only adjustments necessary are to take the deductions already allowed by the defendant on plaintiffs' 1969 and 1970 tax returns.

The plaintiffs assert that ORS 314.275 (1) and ORS 316.222 (1969 Replacement Part) require that certain adjustments be made in determining income where the method of accounting in the year in question is different from the method under which the taxpayer's previous year's income was computed. The adjustments required by both these sections, necessitated by the change from the cash-basis to the accrual method of accounting for the payment of federal income taxes (made by ORS 316.072 (1)), are in fact those adjustments that are required by ORS 316.072 (2) and (3). The discontinuance of the five-year carry-forward provisions of ORS 316.353 is not a result of the change in "accounting methods" but rather the result of the legislature's repeal of ORS 316.353 by Or Laws 1969, ch 493, § 99. Neither section requires adjustments for changes made in the tax laws; they do require adjustments in "income accounting" which, in this case, merely allows for the continued deduction of pre-1969 taxes on a cash basis, which defendant has already allowed on plaintiffs' 1969 and 1970 tax returns.

The defendant Department of Revenue argues (1) that all tax deductions are a matter of legislative grace, to be strictly construed against the taxpayer, and are to be denied unless clearly granted by the statutes; (2) that a net loss carry-over or carry-back deduction is peculiar to the income tax law and is not a deduction authorized under an accepted method of

accounting; (3) that ORS 316.072 required a change in the method of accounting for federal tax deductions from the cash to the accrual method for all taxpayers; that it provided the adjustments required by ORS 314.-275; and it did not provide for a loss carry-over; and (4) that the deductibility of a tax authorized by statute does not require that a tax benefit occur from the deduction in each and every instance. Authorities are cited for these propositions.

This logic overlooks the decision of the Oregon Supreme Court in *Christian v. Dept. of Rev.,* 269 Or 469, 526 P2d 538 (1974). In that case it was held that the reference to operating losses in ORS 316.047 meant that no loss of a deduction should occur by reason of the adoption of the Personal Income Tax Act of 1969 which might otherwise have been allowed under the Personal Income Tax Act of 1953, forced by the transition from the old statute to the new statute. This is, in fact, what the plaintiffs in this case are pleading.

It was the decision of the Supreme Court in *Christian, supra,* that a taxpayer was entitled to carry back 1969 net operating losses to pre-1969 Oregon income tax years in accordance with the provisions of Int Rev Code of 1954, § 172, although, prior to January 1, 1969, no provisions for loss carry-backs were available under the Oregon statutes. The only real distinction between *Christian* and the present suit is the composition of the operating loss. The loss in plaintiffs' case is the result of a deduction of federal taxes in the determination of taxable income for state tax purposes. Such a deduction would not be recognized by § 172 of the Internal Revenue Code, but any reference to net operating losses in such Oregon stat-

utes as ORS 316.047, by action of ORS 316.062 and ORS 316.067 (1)(b), necessarily includes the deduction for federal income taxes. In *Christian, supra,* at 1327, the Supreme Court interpreted the inclusion of "operating losses" in ORS 316.047 as it related to the prevention of "double taxation," to mean that there should not be a loss of a deduction for an operating loss. The importance that the Supreme Court placed upon this requirement and its discussion of ORS 316.-007 (*Christian, supra,* at 1326), which states that the legislative intent was "to make the Oregon personal income tax law identical *in effect* to the provisions of the federal Internal Revenue Code of 1954 * * *," require this court to hold that, for purposes of computing the net operating loss under § 172, the plaintiffs are entitled to deduct federal income taxes paid, despite the non-inclusion of this subtraction in § 172 of the Internal Revenue Code. The court can find no basis for differentiating between the operating loss that was allowed under § 172 in *Christian, supra,* and an operating loss that is the result of a deduction specifically provided for by the legislature in ORS 316.072 (2). As stated in *Christian, supra,* at 1325-1326:

> "To accept the reasoning of the defendant would be to deny plaintiffs any state tax relief for the loss suffered in 1969. Such a result would be based solely on the timing of the loss. We do not feel that such a result is warranted by the statutes or would be in accord with legislative intent."

Under § 172, net operating losses are first carried back to the earliest of the three preceding years and applied to each consecutive year until fully used with any remaining loss then being carried forward. No evidence was submitted in this suit as to plaintiffs' income for the three years prior to 1969, other than

the fact that their 1968 Oregon taxable income was $333,847, which in itself exceeds plaintiffs' 1969 and 1970 net operating losses.

Defendant's order is found to be void and it is instructed to issue a new order allowing for a refund based on the carry-back of net operating losses to the appropriate tax years as allowed for under Int Rev Code of 1954, § 172, which will exhaust plaintiffs' net operating losses in 1969 and 1970. In arriving at the net operating loss under § 172, the federal income tax deductions allowed for under ORS 316.072 shall be included as a deduction from gross income.