Argued October 6, affirmed December 18, 1975

# BECHTOLD ET UX, *Respondents, v.*
# DEPARTMENT OF REVENUE, *Appellant.*

543 P2d 665

*Ira W. Jones,* Senior Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs was Lee Johnson, Attorney General, Salem.

*Peter L. Osborne,* Portland, argued the cause for respondents. With him on the brief were Edward R. Hall, and Anderson, Hall, Lowthian, Gross & Grebe, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

HOWELL, J.

This suit was brought in the Oregon Tax Court seeking to reverse a holding by the Department of Revenue which denied plaintiffs' claim for a refund of their 1971 Oregon income tax. In the tax court the plaintiffs contended that ORS 316.072(2) allowed them to carry forward net losses on state taxable income reported in 1969 and 1970. The losses were attributable to deductions for federal income taxes paid for years prior to January 1, 1969. The tax court, in

reversing the ruling of the Department of Revenue, held that while plaintiffs were not entitled to a refund of their 1971 tax payments, they were entitled to a carry-back of their 1969 and 1970 losses to a tax year or years prior to 1969, and to a refund based thereon. *Bechtold v. Dept. of Rev.*, 5 OTR 629 (1974). The Department of Revenue appealed. We affirm.

The facts in this case have been stipulated. Only the tax years 1969 and 1970 are involved; however, plaintiffs' tax situation in 1968 should be mentioned because of the effect it had on the plaintiffs' income tax liability in 1969 and 1970.

In 1968 plaintiffs' federal income tax liability amounted to $203,736 as a result of the sale of a substantial number of shares of stock. During 1968 plaintiffs paid approximately $59,000 in federal income taxes, and at the end of the year plaintiffs owed a balance in federal income taxes of $144,874. Plaintiffs' tax liability to the state of Oregon was $31,680 for 1968. In their computation of Oregon income tax liability for 1968, the plaintiffs did not deduct the $144,-874 in federal income taxes paid in 1969 for the 1968 tax year. Prior to the enactment of the Personal Income Tax Act of 1969, cash basis taxpayers, like the plaintiffs, were required to deduct their federal taxes in the year such taxes were actually paid, rather than in the tax year in which the federal taxes were incurred.[1]

---

[1] The tax court described the situation as follows:

"Prior to the enactment of the Personal Income Tax Act of 1969, cash-basis taxpayers deducted their federal income taxes in the year in which they were paid (ORS 316.315(1), repealed by Or Laws 1969, ch 493, § 99). * * * ORS 316.072, effective January 1, 1969, placed the federal income tax deduction allowed on the Oregon return on the accrual method of accounting, irrespective of the taxpayer's usual method of accounting. (This amendment was designed to simplify the reporting task, and to apply to the tax year being reported

On their 1969 Oregon income tax return, plaintiffs reported a net loss of $111,497, which was computed as follows:

First, from their 1969 federal taxable income of $1,985 they deducted $288 in accrued 1969 federal income taxes and $144,874 in 1968 federal income taxes which they had paid in 1969. Next, plaintiffs added back $31,680 which they had deducted for 1969 Oregon income tax purposes. Plaintiffs contend that this 1969 net loss entitled them to a net operating loss deduction of $111,497, which represents the unused portion of their deduction for federal income taxes for the year 1968.

Similarly, on their 1970 Oregon income tax return plaintiffs reported a net loss of $49,505. They arrived at this figure by taking their 1970 federal taxable income, $9,737, and deducting $1,806 in accrued federal income taxes for 1970 and $58,260 for a deficiency payment made in 1970 on federal income taxes assessed against plaintiffs for tax years 1962-1969. After adding back $824 which they had deducted for 1970 Oregon income taxes in computing their 1970 federal taxable income, plaintiffs reported a net loss of $49,505 for 1970 state income tax purposes. The plaintiffs contend that this net loss of $49,505 constituted a net operating loss for the calendar year 1970 and entitles them to a net operating loss deduction.

In 1972 plaintiffs paid state income taxes amounting to $3,421 for the tax year 1971. Plaintiffs later filed a claim for a refund of their 1971 Oregon income tax, contending that they were entitled to a net operating loss deduction for their 1969 and 1970 net losses

the whole of the tax deduction relating specifically to that year, whether actually paid in advance by estimate or withholding or in the subsequent year.) * * *" Bechtold v. Dept. of Rev., 5 OTR 629, 631 (1974).

on state taxable income, and that they should be allowed to carry that net operating loss deduction forward to offset their 1971 state taxable income.

Upon plaintiffs' appeal from an unfavorable ruling by the Department of Revenue, the tax court concluded that plaintiffs were entitled to a net operating loss deduction for their 1969 and 1970 net losses on state taxable income. However, the tax court held that, pursuant to § 172 of the Internal Revenue Code of 1954 as adopted by the Personal Income Tax Act of 1969, plaintiffs were required to carry their operating loss deduction back to the earliest of the three preceding years and to apply it to each consecutive year until fully used. The Department of Revenue was instructed to issue plaintiffs a refund based on the carry-back of plaintiffs' net operating loss deduction.

In its appeal to this court, the Department of Revenue concedes that ORS 316.067 specifically provides for a deduction for federal income taxes. The Department has also stipulated that plaintiffs were unable to fully utilize their deductions for federal income taxes on their 1969 and 1970 state tax returns. However, the Department contends that the Internal Revenue Code of 1954, adopted by our legislature through the Personal Income Tax Act of 1969 (ORS ch 316), prohibits a deduction for federal income taxes in the computation of net operating losses. Thus, they argue that plaintiffs' net losses on state taxable income do not entitle plaintiffs to a net operating loss deduction. The Department also contends that since no other provision of Oregon law provides for a carry-forward or carry-back of net losses on state taxable income, plaintiffs are not entitled to any deduction for the net losses on state taxable income which they incurred in 1969 and 1970.

■ We agree with the decision of the tax court

as expressed in its well-reasoned opinion and conclude that plaintiffs are entitled to a net operating loss deduction for their net losses on state taxable income sustained in tax years 1969 and 1970.

ORS 316.062 provides as follows:

> "Taxable income of resident. The entire taxable income of a resident of this state is his federal taxable income as defined in the laws of the United States, with the modifications, additions and subtractions provided in this chapter."

*See also,* ORS 316.022(5). Therefore, to determine an Oregon resident's state taxable income, one must take his federal taxable income and adjust that figure as provided for in ORS ch 316.

■ Several modifications of federal taxable income are provided for in ORS 316.067. Subsection (1)(b) of ORS 316.067 specifically provides that federal income taxes are to be subtracted from federal taxable income in computing state taxable income. Moreover, ORS 316.072 provides that this federal income tax deduction is to be reported on an accrual basis for tax years beginning on and after January 1, 1969, and that, for tax years beginning prior to January 1, 1969, cash basis taxpayers who pay taxes on those prior years after January 1, 1969, shall be entitled to the federal tax deduction "in accordance with their usual method of accounting." Thus, under the Personal Income Tax Act of 1969, a cash basis taxpayer who *paid* his 1968 federal income taxes during 1969 and who, under ORS 316.072, *accrued* his 1969 federal income taxes in 1969 would deduct both his 1968 and 1969 federal income taxes from his 1969 federal taxable income to compute his 1969 state taxable income.

■ In this case, the plaintiffs' combined federal income taxes for 1968 and 1969 were greater than their 1969 federal taxable income. Thus, when their 1968 and 1969 federal taxes are subtracted from their 1969

federal taxable income in computing their 1969 state taxable income, the result is a net loss for state tax purposes. This is a "net operating loss" as defined by § 172 of the Internal Revenue Code of 1954 which was adopted by the Personal Income Tax Act of 1969 for the purpose of measuring personal income in Oregon. *See* ORS 316.007.

ORS 316.012 provides:

"Terms have same meaning as in federal laws. Any term used in this chapter has the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required or the term is specifically defined in this chapter. * * *"

Section 172 of the Internal Revenue Code defines net operating loss as follows:

"(c) Net operating loss defined. — For purposes of this section, the term *'net operating loss' means* (for any taxable year ending after December 31, 1953) *the excess of the deductions allowed by this chapter over the gross income.* * * *" (Emphasis added.)

■ We are not persuaded by the Department of Revenue's argument that, since § 275 of the Internal Revenue Code denies any deduction for federal income taxes in computing *federal* net operating losses, no deduction should be permitted for federal taxes in computing *state* net operating losses. As we noted previously, ORS 316.067 and ORS 316.072 both specifically provide for a federal income tax deduction. Clearly, for state tax purposes, these specific Oregon statutory provisions must override any contrary implications arising from the federal Internal Revenue Code, § 275.

Since our personal income tax statutes allow a deduction for federal taxes while denying a deduc-

tion for state taxes, and since the Internal Revenue Code allows a deduction for state taxes while denying a deduction for federal taxes, this result is also consistent with ORS 316.007 which provides, in part:

> "Policy. It is the intent of the Legislative Assembly, by the adoption of this chapter, *in so far as possible,* to make the Oregon personal income tax law *identical in effect* to the provisions of the federal Internal Revenue Code of 1954 relating to the measurement of taxable income of individuals, estates and trusts, *modified as necessary by the state's jurisdiction to tax and the revenue needs of the state* * * *." (Emphasis added.)

It follows that plaintiffs are entitled to a net operating loss deduction for their 1969 net loss of $111,497 on state taxable income, and we conclude that they are entitled to carry back that deduction as provided in § 172 of the Internal Revenue Code and as ordered by the tax court.

In *Christian v. Dept. of Rev.*, 269 Or 469, 526 P2d 538 (1974), we determined that the taxpayer was entitled to carry back 1969 net operating losses to pre-1969 Oregon income tax years in accordance with the provisions of the Internal Revenue Code of 1954, § 172, although, prior to January 1, 1969, no provisions for loss carry-backs were available under the Oregon statutes. As the tax court determined in this case, the only real distinction between *Christian* and the present suit is the composition of the net operating loss.

For the same reasons we also conclude that plaintiffs' 1970 net loss of $49,505 on state taxable income constituted a net operating loss for state tax purposes and that plaintiffs are entitled to a net operating loss deduction of $49,505 for that year as well. That deduction should be treated in the same manner as their 1969 net operating loss deduction.

The decree of the Oregon Tax Court is affirmed.