**REVENUE CABINET COMMONWEALTH of Kentucky,
Appellant,**

v.

**SOUTHWIRE COMPANY and United Service Agency, Inc., and Caterpillar Tractor Company, Appellees.**

No. 88–CA–704–MR.

Court of Appeals of Kentucky.

May 5, 1989.

Discretionary Review Denied
by Supreme Court
Nov. 1, 1989.

Cabinet had denied the appellee corporations' claims for tax refunds, holding that the companies could not carry back net operating losses in order to offset income except in the same year that the loss was taken as a deduction on the corporation's Federal return. In each case, the Board of Tax Appeals set aside the rulings of the Revenue Cabinet and allowed the refunds.

Prior to 1980, the net operating loss deduction (NOLD) provided for in Section 172 of the Internal Revenue Code was not allowed in Kentucky. In 1980, the legislature amended KRS 141.010(13)(b) to delete the exclusion of the Section 172 deduction. KRS 141.011 was also amended at that time in regard to the net operating loss deduction to read that it:

> shall apply only to such losses incurred in taxable years beginning after December 31, 1979, and no such loss shall be carried back to taxable years beginning before January 1, 1980.

These corporate appellees filed returns claiming tax refunds utilizing the NOLD for years beginning after January 1, 1980, although they had carried back the NOL to prior years and fully utilized the loss by deductions taken on their Federal returns. The Board of Tax Appeals, in setting aside the rulings of the Revenue Cabinet, held that the net operating loss deduction is not forfeited for state tax purposes simply because it has been carried back to years prior to 1980 for Federal tax purposes. The Cabinet insists that the deduction allowed by the amended KRS 141.010(13) *is the* deduction contained in Section 172 of the IRC which is in effect in Kentucky in the year of the loss and therefore must be carried back by the taxpayer to the same years as taken on the Federal return.

Revenue's position is that if a net operating loss incurred in a taxable year beginning after January 1, 1980, was carried back on the corporation's Federal return [§ 172 requires the loss first be carried back three (3) years then forward five (5) ] and fully utilized (the loss used up by deductions taken in 1978 or 1979) then the NOL was lost for Kentucky tax purposes.

Michael L. Henry, Frankfort, for appellant.

Thomas A. Brown, Louisville, for Southwire Co.

H. Larry A. Carver, Ashland, for United Service Agency, Inc.

Robert E. Thieman, Richard F. Newell, Louisville, for Caterpillar Tractor Co.

Before McDONALD and WEST, JJ., and WHITE, Special Judge.

WEST, Judge.

This appeal is from a judgment of the Franklin Circuit Court which affirmed the Board of Tax Appeals in three (3) consolidated actions. In each case, the Revenue

KRS 141.050(1) requires that deductions for purposes of Kentucky income tax shall be, as nearly as practicable, identical with comparable Federal deductions. However, KRS 141.050(1) also limits that pronouncement to the extent *not* required by differences between the Kentucky and Federal statutory enactments. It is clear that KRS 141.011 is inconsistent with Section 172 of the Code to the extent that it limits the carry back provisions. As the trial court recognized, it would have been easy for the legislature to have specifically stated that the Federal and state deductions must be identical in amount, but it does not so specify. Instead, it limited not the deduction, but rather, the carrying back of the *loss* to years prior to 1980. We are persuaded, as was the BTA and the circuit court, that by eliminating the exclusion of § 172, the Kentucky legislature intended to allow corporations the benefit of income averaging for state tax purposes. The interpretation urged by Revenue would preclude the very benefit sought to be conveyed by the amendment. This "carry back" issue has been addressed in other jurisdictions where it has been held that when state or local legislative bodies adopt tax legislation identical to or conforming with Federal tax legislation the purpose is to achieve the same *effects* as the Federal statutes. To have the same effect as § 172 does not necessarily mean that NOLD must be the same amount nor must the deductions be taken in the same year as required by IRC § 172. *City of New York v. Avien, Inc.,* 532 F.2d 273 (2d Cir.1976); *Christian v. Dept. of Revenue,* 269 Or. 469, 526 P.2d 538 (1974); *Production Credit Associations of Lansing v. State of Michigan, Dept. of Treasury,* 273 N.W.2d 10 (Mich.1978).

In each of these cases the local taxing authority contended, as did Revenue in these cases, that if the loss sustained in a year after the NOLD was allowed for state or local purposes was carried back and fully utilized or "used up" by taking the deductions on the Federal returns it was lost for local tax purposes. In *City of New York v. Avien, Inc., supra,* it was held that such an interpretation served to exclude the taxpayer from the benefit of income averaging which is the purpose of allowing a net operating loss deduction.

Consequently, we agree with the Board of Tax Appeals and the circuit court that the NOL incurred by these corporate taxpayers can be carried back for Kentucky purposes to the first available income year which began after January 1, 1980, regardless of what year the loss was required to be carried back on the Federal return.

At this point we must recognize that the carry back issue was the only issue raised in the case involving U.S.A., Inc. Revenue contends that the circuit court necessarily erred in affirming all three (3) cases because U.S.A. calculated the claimed NOLD differently than did Southwire and Caterpillar. In short, U.S.A. used the Federal NOLD without adjusting the income and deduction amounts pursuant to KRS 141.-010(12) and (13) while Southwire and Caterpillar used the Kentucky adjustments. U.S.A. in its brief before the circuit court clearly stated "only one (1) of the four (4) issues said to be involved in these consolidated cases by counsel for the Revenue Cabinet is present in the U.S.A. case" and again "The Cabinet did not question the *amount* of the net operating loss as computed by U.S.A. and this is not in issue, although it may be in the companion cases." Consequently, although we recognize that U.S.A. used the Federally computed NOL while Southwire and Caterpillar used the Kentucky adjustments to income and deductions, we do not believe that the issue of calculation of the NOL was raised in U.S.A.'s case before the Board of Tax Appeals nor before the circuit court. For that reason we do not believe that the circuit court's judgment affirming all three (3) cases is erroneous. The issue of calculation of the NOLD is not before us in U.S.A.'s case. The only issue involved as to U.S.A., Inc., was the "carry back" issue. Since we agree with the BTA and circuit court on that issue, Case No. 88–CA–704 is affirmed.

Southwire and Caterpillar are interstate corporations. In their cases we are faced with the additional questions of how

the net operating loss is calculated, the allocation and apportionment of the loss (KRS 141.120) and whether the apportioned loss when carried back is taken as a deduction from gross income as contended by Revenue or as an off-set to taxable net income. The Cabinet argues that while the legislature could have provided for Kentucky's own net loss deduction while amending the statutes in 1980, it did not do so. Lacking a definition of "net operating loss deduction" it contends we must use Federal law, except to the extent required by the differences between the two. KRS 141.050(1). Thus, according to Revenue, the Kentucky NOL is *computed* in the same manner as the Federal NOL because our legislation, as amended, affords "the deduction contained in Section 172 of the IRC" to Kentucky taxpayers.

Southwire and Caterpillar argue that a specific Kentucky NOL is created, at least by implication. Their position is that to calculate Kentucky Net Operating Loss (KNOL), the adjustments to income and deductions allowed under Kentucky law should be used. The KNOL then is the difference between Kentucky gross income and Kentucky deductions after applying the apportionment factor of KRS 141.120 when a multi-state corporation is involved. It appears that both the Board and the Franklin Circuit Court believed this method would result in the most "sensible construction of all the Kentucky statutes involved." We agree.

The obvious reason for allowing a net operating loss deduction is to afford a corporation the opportunity to average income. Although it is true as argued by Revenue that the legislature did not specifically define "net operating loss," it is axiomatic that "net operating loss" is the flip-side of "net income." The Kentucky legislature by specifying allowable adjustments to income and adjustments to deductions has created a unique Kentucky definition of net income. In order to calculate a corporate net operating loss it is therefore necessary to give credence to those Kentucky adjustments.

The circuit court correctly and succinctly described the calculation and apportionment issues and we adopt that portion of the opinion as our own:

IRC Section 172 spells out the method of computing the Federal NOLD. Under this method the Federal NOLD in a given year is the sum of the Federal net operating loss carryovers and carrybacks to that particular year. Likewise, the Kentucky NOLD in a given year is the sum of the Kentucky net operating loss carryovers and carrybacks to that particular year, following the method set out in IRC Section 172. This makes the Kentucky net operating loss the difference between Federal gross income items, adjusted as provided in KRS 141.010(12) and Federal deductions, adjusted as provided in KRS 141.010(13). Then pursuant to KRS 141.120, after Kentucky deductions are subtracted from Kentucky gross income, the resulting net loss (assuming there is a loss) must be allocated and apportioned using the apportionment fact of the year of loss. This is required since at the State level it is necessary to determine what portion of the net loss of an interstate corporation like Caterpillar and Southwire is attributable to each of the States in which the corporations conduct business. Such a computation results in a figure representing the loss actually sustained in Kentucky and is in keeping with the methods by which Kentucky taxable net income is computed. This is the method proposed by Caterpillar and Southwire and adopted by the Board of Tax Appeals. This method results in the sensible construction of all the Kentucky statutes involved.

Caterpillar started its calculations with its 1982 apportioned Kentucky net operating loss, carried that back to 1980, and took it as a deduction from taxable net income rather than from gross income. We believe this is proper. Southwire also argued that the apportioned loss should be first determined and then deducted from net income. However, it is conceded that either method of calculation reduces Southwire's taxable income for 1980 to zero and it is therefore entitled to the claimed re-

fund. Of course, while we disagree with U.S.A.'s method of calculation, we do not believe that issue was raised with the BTA or the circuit court as to U.S.A. Therefore the judgments appealed from are affirmed.

All concur.