IN THE OREGON TAX COURT

Dan W. LUFKIN
*v.*
DEPARTMENT OF REVENUE
(TC 2916)

Henry C. Breithaupt, Stoel, Rives, Boley, Jones & Grey, Portland, represented plaintiff.

Bonni C. Canary, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Plaintiff's Motion For Summary Judgment granted September 27, 1990.

## CARL N. BYERS, Judge.

Defendant disallowed a net operating loss (NOL) carryforward on plaintiff's 1985 individual income tax return. As

a result, plaintiff incurred a minimum tax on certain preference items. Plaintiff appealed. The parties have stipulated the facts and thoroughly briefed the issues. The matter is before the court on cross-motions for summary judgment.

During the years 1981 through 1984 plaintiff was a resident of Connecticut but owned a ranch in Oregon. During those years the ranch incurred substantial losses. As of December 31, 1984, plaintiff had a NOL carryforward attributable to Oregon sources of $4,879,253. However, overall plaintiff reported a positive federal taxable income (from sources outside Oregon) during the years 1982 through 1984. At the end of 1984 plaintiff had no federal NOL carryforward. In 1985, plaintiff moved to Oregon and filed a "full-year resident" Oregon income tax return. In that year he had items of tax preference totaling $3,325,841 but otherwise had a negative Oregon taxable income (loss) of $1,557,823.

The parties agree that if plaintiff cannot use his 1984 NOL carryforward in computing his 1985 Oregon taxable income, his 1985 tax is $48,631. On the other hand, if plaintiff can use his 1984 NOL carryforward of $4,879,253, his 1985 tax is zero.

The focus of this dispute is ORS 316.014(1). That statute provides:

> "Notwithstanding ORS 316.012, in the computation of state taxable income the net operating loss, net operating loss carryback and net operating loss carryforward shall be the same as that contained in the Internal Revenue Code as it exists at the close of the tax year for which the return is filed and shall not be adjusted for any changes or modifications contained in this chapter or by the case law of this state."

The parties agree that *Bechtold v. Dept. of Revenue,* 273 Or 762, 543 P2d 665 (1975), had the effect of complicating the computation of NOLs for Oregon. The 1985 legislature enacted ORS 316.014 to overrule *Bechtold* and simplify the computation of a NOL. Or Laws 1985, ch 802, § 18.

The parties also agree that the statute, as enacted, is unclear. It falls in the class described by the Oregon Supreme Court as "inexact terms." Such terms may embody "complete expressions of legislative meaning, even though that meaning

may not always be obvious." *Springfield Education Assn. v. School Dist.,* 290 Or 217, 224, 621 P2d 547 (1980).

Having agreed that the statute is unclear, each party proposes a word to make it clear. Plaintiff believes that the statute refers to "definitions" contained in the Internal Revenue Code (IRC). In plaintiff's view, this clarifies the intent that NOL carryforwards be computed as defined by the IRC. So defined, a NOL based on Oregon sources will be allowed without regard to a taxpayer's federal NOL. Defendant, on the other hand, contends the statute refers to the "amount" of the NOL. By referring to "amount," defendant concludes that a NOL for Oregon purposes cannot exceed the taxpayer's federal NOL.

■     The duty of the court is to determine what the legislature intended. The first step in that process is to examine all the words used by the legislature to express its intent. Consideration of the legislative history is appropriate only to aid the court in discerning the intent behind the words of the statute.

From that perspective, defendant's position has much to commend it. Use of the terms "the" and "that," when referring to NOL, seem to suggest an "amount" more than a "definition." Since the legislative intent was to simplify the computation of NOLs, choosing an "amount" would be a quick way to do so. As defendant points out, its representative explained the proposed law to the legislative committee in terms of amounts.

Nevertheless, the court does not find defendant's view acceptable. If we insert the word "amount" in the statute, it reads:

> "Notwithstanding ORS 316.012, in the computation of state taxable income the net operating loss [amount], net operating loss carryback [amount] and net operating loss carryforward [amount] shall be the same as that [amount] contained in the Internal Revenue Code as it exists at the close of the tax year for which the return is filed and shall not be adjusted for any changes or modifications contained in this chapter or by the case law of this state."

As plaintiff points out, there is no "amount" in the relevant provisions of the IRC. Consequently, defendant's interpretation, to make sense, requires substantial rewriting

of the statute. For example, can we assume the legislature intended to refer to the amount contained in the taxpayer's federal tax return? If that were true, why did it specify "as it exists at the close of the tax year" since tax returns do not usually exist at that time?

Defendant also argues that it previously used federal "definitions" of NOL and such use did not eliminate the complexity of the computations. However, that use was before ORS 316.014(1). Defendant's argument ignores the specific direction of the statute that a NOL "shall not be adjusted for any changes or modifications contained in this chapter or by the case law of this state." That language simplifies the computation of a NOL without changing any definitions.

The problems with defendant's interpretation are suggested by its administrative rule. That rule explains that the amount of NOL "is the same amount as the resident computes for federal purposes." OAR 150-316.014(3)(a). It is more than a little difficult to formulate that rule from the words used by the legislature. The "amount" a taxpayer computes for federal purposes is not "contained in the Internal Revenue Code" and certainly not at the "close of the tax year." The rule ignores the words of the statute.

Since the IRC does not contain the amount of NOL, ORS 316.014(1) must be referring to the definitions of NOL which are "contained in the Internal Revenue Code." Further evidence is found in the beginning phrase of the statute, "[n]otwithstanding ORS 316.012." ORS 316.012 refers to the meaning of the terms found in the IRC as of December 31, 1984.[1] In other words, NOLs are to be determined under the IRC as it exists at the close of the tax year without regard to a "connection" date. This overcomes the problems associated with the lag between federal amendments to the IRC and

---

[1] ORS 316.012 states:

"Any term used in this chapter has the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required or the term is specifically defined in this chapter. Any reference in this chapter to the laws of the United States or to the Internal Revenue Code means the laws of the United States relating to income taxes or the Internal Revenue Code as they are amended on or before December 31, 1984, even where the amendments take effect or become operative after that date, except where the Legislative Assembly has specifically provided otherwise. (Or Laws 1985, ch 802, § 1.)

Oregon's legislative reaction to those amendments. More important, it indicates the legislature was referring to the "definitions" found in the IRC and not the "amount" of a NOL. The court so finds.

Whether ORS 316.014(1) refers to "amount" or to "definition" makes little difference to a resident of Oregon. A resident is taxable on all items of income, regardless of their geographical source.[2] However, the interpretation is of great significance for nonresidents.

ORS 316.014(2) specifically provides for nonresidents:

> "In the case of a nonresident, the net operating loss deduction, net operating loss carryback and net operating loss carryforward shall be that described in subsection (1) of this section which is attributable to Oregon sources."

Only by inserting "amount" in subsection (1) can defendant conclude that a nonresident's NOL is limited to the lesser of the Oregon NOL or the taxpayer's federal NOL. OAR 150-316.014(4). Defendant asserts that the legislature intended to limit the NOL of a nonresident as well as a resident to the federal NOL for that year. Plaintiff characterizes this as a "heads I win, tails you lose" interpretation.

> "The purpose of the carryfoward and carryback aspect of the net operating loss deduction is to overcome the rigidity inherent in the concept of an annual tax." *Christian v. Dept. of Rev.,* 269 Or 469, 471, 526 P2d 538 (1974).

As expressed in Mertens Law of Fed Income Tax § 29.01:

> "Thus, the net operating loss deduction is, in effect, an averaging provision that allows a loss to be carried to years other than the year in which the loss arose."

Defendant's interpretation does more than simplify the computation of a NOL. It changes the basic concept. Defendant would allow no averaging effect unless the nonresident's Oregon income or loss is consistent with his or her

---

[2] There may be a difference between a resident taxpayer's federal NOL and his Oregon NOL due to "prohibited amounts," such as interest on treasury bonds and notes, which are not taxable by Oregon. Those differences are not affected by the interpretation of ORS 316.014.

income or loss outside Oregon. As in this case, where the taxpayer realized gains outside Oregon but incurred a NOL in Oregon, the Oregon NOL would be lost. This court does not question the legislative power to so limit NOL deductions. However, the court is persuaded that if the legislature intended to modify the basic concept of a NOL, such intent would be discernible in either the statute or the legislative history.

Nothing in the legislative history produced by defendant supports its position. To the contrary, the thrust of the legislative history was to simplify the computation of a NOL. That can be achieved without affecting the basic concept.

If ORS 316.014(1) is viewed as referring to the "definitions" contained in the IRC, then all of the language of subsection (1) makes sense. Further, subsection (2) dealing with nonresidents takes on a different meaning than contended by defendant. If subsection (1) refers to definitions in the IRC, then subsection (2) provides that the nonresident's NOL shall be as defined in the IRC, using income and expenses attributable to Oregon sources. This is consistent with the terms used in the statute and consistent with the legislative intent to simplify the computation.

This interpretation avoids the inequity which would occur when, as here, a taxpayer incurs a NOL while a nonresident and then later becomes a resident. Under defendant's interpretation, the NOL carryforward would be lost because the resident taxpayer's NOL is the same as the federal NOL. However, under plaintiff's interpretation, the NOL experienced as a nonresident may be carried over and included in the resident's NOL calculation.

The court finds that ORS 316.014 refers to "definitions" or "methods" contained in the IRC. It does not refer to "amount." Consequently, OAR 150-316.014 exceeds the statute. Specifically, OAR 150-316.014(4)(b) is void. Plaintiff's NOL carryforward from 1984 and prior years should have been taken into consideration in determining plaintiff's 1985 Oregon income tax liability. Since the parties have stipulated the results, judgment will be entered determining that plaintiff's tax liability for 1985 is zero and that defendant should refund any taxes, interest and penalties paid. Now, therefore,

IT IS ORDERED that defendant's Motion For Summary Judgment is denied; and

IT IS FURTHER ORDERED that plaintiff's Motion For Summary Judgment is granted. Costs to neither party.