## Calvin and Sally KRAHMER
## *v.*
## DEPARTMENT OF REVENUE
## (TC 3390)

Leo C. Sherry, Jr., Portland, represented plaintiffs.

Mary Lou Haas, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered March 23, 1994.

**CARL N. BYERS, Judge.**

Plaintiffs appeal from department's Opinion and Order No. 92-5104 denying a 1985 net operating loss (NOL) carryforward to 1990, and denying refunds for 1982 and 1983. The matter is before the court on stipulated facts.

Plaintiffs operate a farm in Cornelius which has been in the Krahmer family for over a century. Plaintiffs' farm income has varied greatly as a result of weather and market uncertainties. On April 16, 1986, plaintiffs filed their

1985 Oregon income tax return showing a federal adjusted gross income of a negative $122,857.[1] This amount was composed of a NOL for 1985 of $97,986 and a NOL carryover from prior years of $25,144.

On March 1, 1991, plaintiffs filed their 1990 income tax return claiming a refund resulting from the carryforward of the 1985 NOL. On February 27, 1992, defendant's auditor sent plaintiffs a report disallowing their carryforward of the NOL from 1985 to 1990 because they did not elect to forego the carryback period. Without an election, the 1985 NOL must first be carried back to 1982 and 1983 and then forward to 1987 and 1988.[2] The carryback would have resulted in refunds in 1982 and 1983 except for the statute of limitations.

Plaintiffs assert they are entitled to relief on three separate grounds. First, they claim that an adequate election to forego the carryback period was made. Second, if the NOL must be carried back to 1983 and 1984, the statute of limitations does not bar refunds from those years due to the carryback. Third, if they are denied both the carryforward and refunds from the carryback then they will have suffered a "double disallowance of a deduction" which the mitigation statutes were designed to prevent. Defendant claims the mitigation statutes do not apply because plaintiffs did not assert their claim in writing before the relief requested was time barred.

## MAKING AN ELECTION

IRC § 172(b)(3) (1990) provides that an election must be made in the manner prescribed by the IRS and must be made by the due date (with extensions) for filing the taxpayer's return for the tax year in which the NOL was incurred.[3]

---

[1] The starting point for individual income taxes is the individual's federal taxable income which is then subject to modifications by state statute. ORS 316.048.

[2] Unless a taxpayer expressly makes an election by the due date of the return to forego any carryback period, a NOL is carried back three years and then carried forward 15 years. IRC § 172.

[3] In *Lufkin v. Dept. of Rev.*, 11 OTR 410 (1990), this court held that a net operating loss "shall be the same as that contained in the Internal Revenue Code as it exists at the close of the tax year." 11 OTR at 411, citing ORS 316.014(1).

■ Temp Treas Reg § 301.9100-12T(d) (1977) sets forth the following requirements for an election:

"(d) Manner of making an election. Unless otherwise provided in the return or in a form accompanying a return for the taxable year, the elections * * * shall be made by a statement attached to the return * * * for the taxable year."

OAR 150-316.014(5)(a) (1989) provides that an election to carry forward a NOL on a federal return is sufficient for Oregon to recognize the election for state tax purposes. Without this election, the NOL is carried back as provided in IRC § 172(b). OAR 150-316.014(5)(b)(A) (1989).

In *Young v. Commissioner*, 783 F2d 1201 (5th Cir 1986), the court held that the taxpayer did not make a valid election when he merely put the full amount of his NOL on Form 4625 and did not attach any statement to the return. The court found the entry on the minimum tax form failed to indicate the taxpayer's intent to forego the carryback period. Accordingly, the entry on the form did not literally or substantially comply with the statute's requirement. 783 F2d at 1204.

■ Plaintiffs assert there was no need to formally elect to carry forward the NOL because regular tax was not payable for 1982 and 1983. However, neither the statutes nor the treasury regulations contain such an exception from the requirements of an election.

■ Plaintiffs also argue that their return included sufficient indicia of their intent to make an election. Temp Treas Reg 301.9100-12T (d) (1977) sets forth the manner of making an election to forego the carryback period under IRC § 172(b)(3)(C). It provides:

"The statement required when making an election pursuant to this section shall indicate the section under which the election is being made and shall set forth information to identify the election, the period for which it applies, and the taxpayers' basis or entitlement for making the election."

Plaintiffs also claim they made a proper election under this regulation by a statement attached to their 1985 Form 1040. However, that statement refers to only the NOL

carryover from 1984.[4] It does not (1) reference the 1985 NOL; (2) identify the section under which the election is being made; (3) identify the period for which the election applies; or (4) show the taxpayers' basis or entitlement for making the election. Consequently, the statement does not qualify as a proper election.

Plaintiffs also point to a handwritten note on the return concerning an investment tax credit carryover. However, for the same reasons set forth above, this note does not qualify as a proper election to forego carryback of the 1985 NOL.

Plaintiffs speculate that the defendant reached its conclusion that no election was made in 1985 because a proper election was made in 1984. However, plaintiffs acknowledge that each return must stand on its own. It is because plaintiffs' 1985 return makes no mention of the 1985 NOL that plaintiffs failed to make a proper election.

## REFUND CLAIMS

Having determined that plaintiffs did not make a proper election to forego carryback of the 1985 NOL, the court must determine whether the refunds which would be due plaintiffs for 1982 and 1983 are barred by the statute of limitations.

■ ORS 314.415(4)(a)[5] creates a special period of limitations for taxpayers to claim a refund attributable to the NOL carryback. ORS 314.415(a) provides that:

"If the claim for credit or refund relates to an overpayment attributable to a net operating loss carryback, * * * the period [of limitation] shall be that period which ends with the expiration of the 25th day of the 40th month following the end of the taxable year of the net operating loss which results in such carryback."

In this case, the net operating loss occurred in 1985 and the end of that taxable year was December 31, 1985. Thus the period of limitations to claim a refund based upon

---

[4] The 1984 NOL carryover was a result of a proper election by plaintiff to forego carryback of the 1984 NOL.

[5] All references to the Oregon Revised Statutes are to the 1989 Replacement Part.

carryback of the 1985 NOL to the 1982 and 1983 tax years expired on April 15, 1989. Accordingly, plaintiffs' were two years late in seeking a refund under the period of limitation in ORS 314.415(4)(a).

## MITIGATION STATUTES

Oregon has adopted mitigation statutes (ORS 314.105 to ORS 314.125) which mirror the federal mitigation statutes (IRC §§ 1311 to 1314). Plaintiffs specifically refer to the statutes regarding double disallowance of a deduction. IRC § 1312(4), ORS 314.115(4). ORS 314.115(4) provides that:

"In the case of a determination described in ORS 314.125(4), * * * adjustment shall be made under ORS 314.105 to 314.135 only if credit or refund of the overpayment attributable to the deduction or credit described in ORS 314.125 which should have been allowed to the taxpayer or related taxpayer was not barred, by any law or rule of law, at the time the taxpayer first maintained before the department or before the Oregon Tax Court, in writing, that the taxpayer was entitled to such deduction or credit for the taxable year to which the determination relates."

The first time plaintiffs claimed entitlement to deduct the 1985 NOL as a carryforward was on their 1990 Oregon income tax return. As a result, defendant issued its notice of deficiency on February 27, 1992. Plaintiffs objected to that notice on March 25, 1992. Under these facts, the mitigation statutes do not apply. By the time plaintiffs first maintained in writing they were entitled to a refund, the statute of limitations already barred that relief. Accordingly, department's Opinion and Order No. 92-5104 is affirmed. Costs to neither party.