Albert L. ZEMKE,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4580)

Christopher Hatfield, Hurley, Lynch & Re PC, Bend, filed the motion for the Plaintiff (taxpayer).

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant (the department).

Decision for Defendant rendered April 22, 2003.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This case illustrates some of the income tax issues that arise when a taxpayer moves from state to state within the United States. It presents issues related to those discussed in *Lufkin v. Dept. of Rev.*, 11 OTR 410 (1990). Although the parties have filed cross-motions for summary judgment, each party has requested its motion be treated as one for partial summary judgment as to the treatment of losses incurred while taxpayer was a California resident but which he seeks to apply after he had resumed his Oregon residency.

Plaintiff (taxpayer) apparently lived in Oregon prior to the 1982 tax year and incurred farm losses. That fact was discovered shortly before this case was argued and the parties were unable to arrive at a stipulation as to the amount or treatment of those losses.

## II.  FACTS

For purposes of the pending cross-motions, the following facts have been stipulated or appear in documents filed with the stipulation. Prior to December 2, 1993, taxpayer was a resident of the State of California. During that period of residency in California, taxpayer generated net operating losses in connection with his ownership and operation of a shopping center property (the California Property). On December 2, 1993, taxpayer became an Oregon resident. In 1997, taxpayer sold the California Property at a gain. On his Oregon personal income tax return for the year 1997, taxpayer sought to take a net operating loss carryforward deduction in an amount equal to the net operating carryforward loss deduction taken on his federal return for that year. A substantial portion of taxpayer's federal net operating loss carryforward amount taken in the 1997 tax year was incurred prior to December 2, 1993, in connection with taxpayer's ownership and operation of the California Property.

The gain on taxpayer's federal tax return for 1997 was calculated by reference to an adjusted basis in the California Property. That adjusted basis reflected a reduction for all depreciation deductions, in respect of the California Property, including those taken during the period of taxpayer's California residency. Those depreciation deductions were reflected in the federal net operating loss amounts for periods prior to December 2, 1993.

Defendant Department of Revenue (the department) disallowed any net operating loss carryforward deduction on taxpayer's 1997 Oregon return for losses taxpayer incurred prior to December 2, 1993. However, neither the department nor taxpayer made any adjustment to the federal income tax basis of the California Property in computing the amount of gain taxable by Oregon in 1997, as a result of the sale of the California Property.

## III.  ISSUE

May losses incurred by a taxpayer during a period of nonresidency and related to property or activities outside of Oregon be carried forward to subsequent tax years and

deducted when computing a taxpayer's Oregon resident taxable income?

## IV. ANALYSIS

ORS 316.014,[1] which both parties agree is the governing statute, provides as follows:

> "(1)  In the computation of state taxable income the net operating loss, net operating loss carryback and net operating loss carryforward shall be the same as that contained in the Internal Revenue Code as it exists at the close of the tax year for which the return is filed and shall not be adjusted for any changes or modifications contained in this chapter or by the case law of this state.
>
> "(2)  In the case of a nonresident, the net operating loss deduction, net operating loss carryback and net operating loss carryforward shall be that described in subsection (1) of this section which is attributable to Oregon sources.
>
> "(3)  If any provision in ORS 316.047 or 316.127 appears to require an adjustment to a net operating loss, net operating loss carryback or net operating loss carryforward contrary to the provisions of this section, that adjustment shall not be made."

■■   Under that statute and the holding of this court in *Lufkin*, federal definitions relating to the computation of net operating losses and related carryback or carryforward amounts (the net operating loss amounts) are used without Oregon adjustments or modifications. 11 OTR at 414. However, Oregon net operating loss items are not necessarily identical to the federal net operating loss items contained on a taxpayer's federal return for any given year. *Id.* at 414-15. Accordingly, the fact that the taxpayer in *Lufkin* had no federal net operating loss amount in the year in question did not prevent him from having an Oregon net operating loss for that year.

The *Lufkin* rule raises a question as to what circumstance can create the differences between Oregon and federal net operating loss amounts. The answer is found in subsection (2) of ORS 316.014, which provides that "[i]n the case of

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 1997.

a nonresident," the net operating loss amounts are those attributable to Oregon sources.

■      Reading subsections (1) and (2) of ORS 316.014 together, it is clear that if a taxpayer is an Oregon resident under subsection (1), the Oregon and federal net operating loss items would be very similar, if not identical, because both jurisdictions impose taxes on a "worldwide" basis, taking into account all income and gains wherever derived. *See* ORS 316.007; ORS 316.048; *see also* IRC § 61, Treas Reg 1-61.1 (2002). However, as to a nonresident, while the federal computations continue on a "worldwide" basis, Oregon is limited by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and may tax only income having some source within the state. *Shaffer v. Carter*, 252 US 37, 40 S Ct 221, 64 L Ed 445 (1920) (holding that a state may tax the income of a nonresident that is derived from activities conducted within that state); *Travis v. Yale & Towne Manufacturing Co.*, 252 US 60, 40 S Ct 228, 64 L Ed 460 (1920) (holding that a state has jurisdiction to tax the income of nonresidents arising from business or occupations conducted within the borders of that state). That limitation is reflected in ORS 316.007, ORS 316.037(3), and ORS 316.127.[2]

■      As a corollary to the rules on taxation of income of nonresidents, ORS 316.014(2) sets forth a method for computing net operating loss amounts of nonresidents that differs from the method applicable to residents. In the case of nonresidents, only loss amounts attributable to Oregon sources are considered. *See* ORS 316.014(2). As noted in *Lufkin*, the distinction between Oregon "definitions" of loss and Oregon "amounts" of loss are "of great significance for nonresidents." 11 OTR at 414. Neither party in this case contests the foregoing points.

A.   *Arguments of the Parties*

The parties depart from each other in their analyses of ORS 316.014, specifically the meaning of the phrase "[i]n the case of a nonresident" contained within subsection (2).

---

[2] Those statutes provide that nonresidents are subject to Oregon income tax only to the extent of income derived from sources within the state.

Taxpayer's position is that the provisions of ORS 316.014 are applied by reference to the residency status of a taxpayer in the year in which a net operating loss deduction is **applied to reduce taxable income** (hereinafter the year of application), without regard to the residency status of a taxpayer in **the year that the loss was generated or incurred** (hereinafter the year of generation). Taxpayer argues that because he was a resident in the year of application, under subsection (1), he should be allowed to take the same net operating loss deduction on both his federal and state returns for the 1997 tax year. The federal loss amount includes a carryforward of losses that were incurred while taxpayer was a resident of California. In sum, taxpayer contends that because he was a resident of Oregon in 1997 he should, for purposes of ORS 316.014, be treated on his 1997 tax return (the year of application) as if he had always been a resident of Oregon.

The department's position is that the provisions of ORS 316.014 are to be applied year-by-year, based on the status of a taxpayer **in the year of generation**. In the department's view only Oregon source net operating losses may be carried from a year of generation to a year of application. Under that construction, the department's determination of whether, or to what extent, taxpayer had an Oregon net operating loss in a year of application is achieved by applying the limitations of subsection (2) to each of taxpayer's nonresident years. However, because taxpayer was a nonresident in each of the years at issue in which a loss was generated, the department applies federal definitions to only Oregon source items of taxpayer for those years.[3] Because taxpayer had no Oregon source losses in the years of generation, the department concludes taxpayer had no Oregon net operating loss items be carried forward to the year of application, even though he was an Oregon resident in that year.

For the reasons set forth below, the court concludes that the construction of ORS 316.014 presented by the department is the correct construction.

---

[3] The department does not contest that the broader rule of ORS 316.014(1) applies for periods after taxpayer became an Oregon resident.

## B.  *The Teaching of Lufkin*

■     The taxpayer in *Lufkin* had been a nonresident of Oregon and during that time had incurred net losses from Oregon sources (an Oregon ranching operation). 11 OTR at 411. Within the relevant carryforward period, Lufkin, like taxpayer, became a resident of Oregon. In the first year of such residency, Lufkin attempted to carry the Oregon source net operating loss items incurred in his nonresident years forward to his year of residency. *Id.* It was conceded that if subsection (1) of ORS 316.014 applied to Lufkin's Oregon source items from previous years, no Oregon net operating loss deduction would be available in that first year of residency because he had no such deduction for federal purposes.[4] *Id.* at 415. *Lufkin* established that ORS 316.014(1) is not applicable to items arising in a taxpayer's nonresident year of generation even though taxpayer is a resident in the year of application. *Id. Lufkin* teaches that the resident or nonresident status of taxpayer in the **year of generation**, and not that status in the year of application, governs under ORS 316.014.

Taxpayer's construction of ORS 316.014 is inconsistent with the holding of *Lufkin.* If the court in *Lufkin* had employed taxpayer's construction, the status of Lufkin as a resident in the year of application would have required Lufkin to use the federal net operating loss carryforward amount, which was zero. That result was precisely the one argued by the department in *Lufkin* but squarely rejected by this court. 11 OTR at 414-15. *Lufkin* held that the fact that a resident taxpayer had no federal net operating loss item did not necessarily mean he could not have an Oregon net operating loss. The present case establishes the corollary: the fact that a resident taxpayer has a federal net operating loss carryover does not necessarily mean that he has an Oregon net operating loss item.

Taxpayer attempts to distinguish his case from *Lufkin* by arguing that Lufkin, prior to his move to Oregon,

---

[4] Lufkin's federal net operating loss had been fully utilized against non-Oregon source income realized by him during his nonresident years.

was a nonresident **with** Oregon source income whereas taxpayer, prior to his move to Oregon, was a nonresident **without** Oregon source income. That argument is presented without analytic support or derivation from *Lufkin*. If that argument were to prevail, different rules would be applied to nonresidents who moved to Oregon, depending on whether or not they previously had some income producing presence in Oregon. The language of ORS 316.014 does not indicate a legislative intent to create such distinctions and produce two different classes of nonresidents. Indeed, when addressing the nonresident situation, ORS 316.014(2) announces one—not two—rules to be applied.

C. *Taxpayer's Construction Inconsistent With Statutory Context*

Although Oregon imposes tax on the worldwide income of its residents, nonresidents are subject to tax only on income from Oregon sources. ORS 316.037(3); ORS 316.127. As discussed above, those statutes recognize a federal constitutional limitation on the State of Oregon's taxing power. Because most people move during the course of a tax year rather than precisely at the end of a year, those statutes carefully allocate tax items between the period of residency and nonresidency. The statutes divide the year between the period a person is a resident and the period a person is a nonresident. *See* ORS 316.037(2) (providing for taxation of part-year residents). For the resident period, the worldwide principles of ORS 316.048 apply to items received or accrued. However, for the nonresident period, only items sourced to Oregon under ORS 316.127 and other statutes are included. *See* ORS 316.117; OAR 150-316.117-(A).[5]

Oregon's statutory provisions on the taxation of nonresidents and the federal constitutional limits that lie behind them reflect a fundamental rule: Oregon may tax all of the

_____

[5] The court recognizes that the rules under ORS 316.117 achieve the separation of resident period income and nonresident period income by way of an apportionment ratio that is applied to the entire income of a taxpayer for the year. The ratios are defined, however, in such a way as to make the result the same as if there was a division of the year on the date of change in residency together with the assignment of items of income to each portion of the year based on application of resident rules for the resident period and nonresident rules for the nonresident period.

income of a resident but only Oregon source income of a non-resident. Notwithstanding that fundamental rule, taxpayer asks this court to construe the net operating loss provisions of ORS 316.014 as allowing taxpayers to use losses incurred in nonresident periods from non-Oregon sources even though Oregon would have been precluded from taxing any net gain or income realized and recognized in the same nonresident periods. Nothing in the statutory provisions support a conclusion that the Oregon legislature exposed itself to such an asymmetrical rule, a rule where Oregon can lose but never win.[6]

In addition, taxpayer's proposed construction of ORS 316.014 makes the year-end status of a taxpayer who moves to Oregon during the tax year determinative of the tax consequences for the entire year, at least as to losses and loss carryforwards. Such a focus on year-end status as determinative for an entire year is at odds with the part-year principles of ORS 316.037 and ORS 316.117 that bifurcate the tax year.

Taxpayer's proposed construction of ORS 316.014 is at odds with the general statutory context of ORS chapter 316 for taxation of persons who change residency status during the year. It therefore cannot be accepted.

### D. *Equitable Considerations: ORS 316.707; ORS 316.716*

At oral argument on this matter, the court asked the parties to submit supplemental memoranda on the applicability to this case of ORS 316.707, ORS 316.716, and rules promulgated by the department under those statutes. Those statutes and rules provide basis adjustments to depreciable property owned by persons who move to Oregon (the basis adjustment rules).

Under the basis adjustment rules, the basis of the California Property would be adjusted to be the lesser of (a) the fair market value of the California Property at the time taxpayer became an Oregon resident or (b) the original

---

[6] The department's attempt to have a similar "heads I win, tails you lose" result was rejected in *Lufkin*. 11 OTR at 414.

basis of the California Property, reduced only by depreciation previously allowed for Oregon tax purposes. OAR 150-316.707(1)-(A)(2)(b); OAR 150.316.707(1)-(A)(4); and OAR 150-316.716.

Without deciding whether the basis adjustment rules are required by federal constitutional limitations, their existence ameliorates what would otherwise be a patently harsh result for a person moving from state-to-state. Without the basis adjustment rules, the gain recognized by taxpayer as a resident and taxed in full by Oregon would have been calculated by reference to the federal adjusted basis of the property. That basis reflected a downward adjustment for all depreciation deductions, including those from taxpayer's California residency period that yielded no Oregon tax benefit in the year taken. However, under the department's position in this case, accepted by this court, the California period depreciation deductions, to the extent they contributed to a net operating loss,[7] would not produce an Oregon tax benefit as a result of a carryover of the deduction.

Such a result would be inequitable because Oregon would take the benefit of the basis reduction to property produced by the depreciation deductions without ever permitting the depreciation deductions to yield a tax benefit. That would be a departure from the basic symmetry of the Oregon and federal income tax systems, which links basis reductions only to depreciation that produces a tax benefit. *See* IRC § 1016(a)(2)(A) (providing for basis adjustment for only depreciation allowed as a deduction). Failure to make a basis adjustment in such circumstances might also raise constitutional concerns insofar as such a system would create a disincentive for taxpayers to undertake interstate travel and relocation as that could produce adverse basis adjustments without corresponding tax benefit.

■    Happily, Oregon has avoided those difficulties with its basis adjustment rules.Under the basis adjustment rules, potentially adverse downward adjustments to the basis of an

---

[7] A review of the tax returns in the record indicates much of the net operating loss at issue here was attributable to depreciation of the property.

asset are restored except to the extent they reflect a depreciation allowance in Oregon.[8] In a case such as this where, following a change to Oregon residency, a taxpayer sells an asset for a price in excess of its basis, as adjusted under the basis adjustment rules, the gain is taxable in Oregon by reason of the taxpayer's residency here. Further, Oregon allows a tax credit where any such gain is taxed in the state where the property is located. *See* ORS 316.082.[9] The credit system is designed to address situations such as occurred here where a taxpayer is subject to tax in the state of residency (Oregon) and the state where the property is located (California). The credit avoids potential constitutional difficulties that might otherwise result. The basis adjustment and tax credit rules work together to prevent "double" taxation.

Taxpayer here does not assert that Oregon may not tax gain that accrued prior to his becoming an Oregon resident but was realized and recognized only after his change of residency. Such an assertion has been rejected. *See Ray v. Dept. of Rev.*, 6 OTR 184, 191-92 (1975) (holding that Oregon may tax capital gains realized by a resident taxpayer even though the gain accrued prior to the taxpayer's move into

---

[8] Adjustment is also made if the value of the asset at the time of residency change is less than the original basis of the asset. That aspect of the rule is not at issue in this case and no comment is made upon it. The source of Oregon's basis adjustment rule appears to be Treasury Regulation section 1.165-9(b).

[9] In the case of property located in California and owned by an Oregon resident, the credit may be "reversed" and allowed by California with the result that *revenue goes to the state of residency. See* ORS 316.082; ORS 316.131; Cal Rev & Tax Code § 18002.

Interestingly, it would appear that by reason of these "reverse" tax credit rules, any allowance of a California source net operating loss in Oregon (after taking into account Oregon's basis adjustment rule) would yield a reduction in taxpayer's Oregon tax and, under the "reverse" credit system, would correspondingly increase the California tax liability. Taxpayer's overall two-state tax burden would not be affected, but revenue would be shifted from Oregon to California. That shift of tax revenue from Oregon to California on a mutually taxed item gain from the depreciation of the California Property computed by reference to the Oregon basis adjustment rules would be in direct contravention of the revenue sharing rules to which California and Oregon have agreed by complimentary statutory tax credit schemes. Further, to the extent the net operating loss is related to depreciation of the property, the Oregon basis adjustment rule gives credit for that depreciation; were Oregon to allow both the net operating loss and basis adjustment, taxpayer would receive a double benefit.

Oregon). Taxpayer challenges only the actions of the department in not allowing a net operating loss carryforward to offset all or a portion of the accrued gain that was realized and recognized in 1997 when he was an Oregon resident.

For the reasons set forth above, the court concludes the arguments of taxpayer are not well taken. Subject to adjustments to be made by the department under the basis adjustment rules, the actions of the department are consistent with the governing law. Now, therefore,

IT IS ORDERED that Plaintiff's cross-motion for partial summary judgment is denied, and

IT IS FURTHER ORDERED that Defendant's motion for partial summary judgment is granted, and

IT IS FURTHER ORDERED that the case is continued for purposes of final computations of tax liability, taking into account the basis adjustment rules and other matters including consideration of applicability of losses incurred by taxpayer in earlier years when he may have been an Oregon resident. Cost to neither party.