IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

RICHARD SPILLMAN          )
and BONNIE SPILLMAN,      )
                         )
        Plaintiffs,       )   TC-MD 200033G
                         )
    v.                    )
                         )
DEPARTMENT OF REVENUE,    )   **ORDER GRANTING DEFENDANT'S**
State of Oregon,          )   **MOTION FOR SUMMARY JUDGMENT**
                         )   **AND DENYING PLAINTIFFS' MOTION**
        Defendant.        )   **FOR SUMMARY JUDGMENT**

On cross-motions for summary judgment, this case concerns the propriety of applying

ORS 316.037(2) to impose a tax on part-year residents' income.[1]  The tax year at issue is 2016.

## I.  STATEMENT OF FACTS

Before 2016, Plaintiffs resided out of state and had no "personal or financial connection

to Oregon."  (Ptfs' Mot Summ J at 2–3.)  On January 3, 2016—still residing outside Oregon—

they received a $193,860 withdrawal from their retirement account (the "Retirement

Distribution") so they could buy a home in Oregon.  (Am Stip Facts, ¶ I.)  At the end of January,

they bought a home and moved to Oregon.  (*Id*., ¶ II.)

Oregon's tax form for part-year residents has columns for taxpayers to report Oregon and

federal income.  On their 2016 return, Plaintiffs did not include the Retirement Distribution in

the federal column.  (Am Stip Facts, ¶¶ III–IV.)  They did include, mistakenly, social security

income in the Oregon column.  (*Id*., ¶ XI.)

Following action by the IRS, Defendant adjusted Plaintiffs' Oregon return to include the

Retirement Distribution in Plaintiffs' federal taxable income.  (Am Stip Facts, ¶ V–VIII.)  As a

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

result of Defendant's adjustment, Plaintiffs' 2016 Oregon tax liability increased to from $548 to $5,217 plus penalty and interest. (Am Stip Facts, ¶ X; Def's Mot Summ J at 4; Def's Response at 9.)

The parties have stipulated to excluding social security income from Plaintiffs' Oregon income. (Am Stip Facts, ¶ XI.) Because the removal of the social security income reduces the ratio of Oregon to total income, Defendant concedes Plaintiffs' tax liability should be reduced to $2,967 plus penalty and interest. (*Id.*, ¶¶ X–XI; Def's Response at 9.)

Plaintiffs ask the court to reverse Defendant's adjustment entirely. Defendant asks the court to uphold its adjustment to the extent stipulated.

## II. ANALYSIS

It is a "fundamental rule" of taxation that "Oregon may tax all of the income of a resident but only Oregon source income of a nonresident." *Zemke v. Dept. of Rev.*, 17 OTR 18, 25–26 (2003). Plaintiffs allege that ORS 316.037(2) violates that fundamental rule by taxing the non-Oregon income of non-Oregon residents. They do not dispute that Defendant accurately applied ORS 316.037(2), but contend the statute is "ambiguous at best and totally unfair." (Ptfs' Mot Summ J at 2.)

ORS 316.037(2) states, in full:

> "A tax is imposed for each taxable year upon the entire taxable income of every part-year resident of this state. The amount of the tax shall be computed under subsection (1) of this section as if the part-year resident were a full-year resident and shall be multiplied by the ratio provided under ORS 316.117 to determine the tax on income derived from sources within this state."

Subsection (1) of ORS 316.037 sets the amount of tax for full-year residents according to a progressive schedule, ranging from 5 percent of taxable income up to $2,000 to 9.9 percent of taxable income over $125,000. The ratio provided under ORS 316.117 equals "the federal

adjusted gross income of the taxpayer from Oregon sources divided by the taxpayer's federal adjusted gross income from all sources." Taken together, ORS 316.037 and 316.117 require calculating what part-year residents' tax would be if they were full-year residents and all their income was taxable, then prorating that calculated tax in proportion to the amount of the taxpayers' federal adjusted gross income that is Oregon source income.

Calculating the tax of part-year residents in the above manner produces different results than looking only at Oregon income and taxing a percentage. *See Brillenz v. Dept. of Rev.*, TC-MD 150518C, 2016 WL 4585899 at *2 (Or Tax M Div Sept 2, 2016). In the first place, it makes the marginal tax rate of part-year residents equal to the marginal rate of full-year residents with the same total earnings. Thus, a taxpayer who earned $99,000 out-of-state and $1,000 in-state would pay tax on that $1,000 at the same rate than a full-year resident would pay tax on $100,000—a rate closer to 9.5 percent than to 5 percent. In the second place, prorating the tax effectively prorates the benefit of deductions and credits, so that part-year residents receive those benefits in proportion to their share of Oregon income. Thus, a taxpayer otherwise eligible for $20,000 in deductions, half of whose income was from non-Oregon sources, would effectively receive the benefit of $10,000 in deductions from the in-state income, regardless of where the deductible expenses were incurred.

Neither of the two results described above is equivalent to taxing out-of-state income, although both may increase a part-year resident's tax liability beyond what it would have been if only Oregon source income were considered. The first result regards the rate of tax, requiring part-year residents to pay at a similar rate as full-year residents with the same total income. Taxes levied at equal rates for taxpayers with the same ability to pay have long been upheld by the courts. *See Standard Lbr. Co. v. Pierce et al.*, 112 Or 314, 332–33, 228 P 812 (1924)

(holding progressive income tax permissible under state and federal constitutions). A taxpayer's ability to pay does not depend on where the taxpayer received income.

The second result regards the benefit of credits and deductions, limiting their total effect on Oregon tax in proportion to the taxpayer's share of Oregon income.[2] The appropriateness of such a scheme (as opposed, for example, to one in which each expense was individually allocated between states) is a matter for the legislature's judgment. As has often been noted, the legislature need not allow deductions from gross income at all: "such credits, deductions or exemptions as the legislature may allow in the computation of an income tax are privileges accorded as a matter of legislative grace and not as a matter of taxpayer right." *Keyes v. Chambers*, 209 Or 640, 646, 307 P2d 498 (1957).

Plaintiffs raise several objections to the application of ORS 316.037(2) premised on their contention that ORS 316.037(2) amounts to a tax on non-Oregon income. Because that premise is incorrect, none of Plaintiffs' objections succeed.

Plaintiffs argue that ORS 316.037(2) is ambiguous on the ground that it has confused Defendant, whose tax form instructions are alleged to contain an error. (Ptfs' Mot Summ J at 2.) Plaintiffs quote Defendant's instructions stating that nonresidents are taxed on their "gross income from *Oregon sources*." (*Id*. at 2–3 (emphasis original).) Plaintiffs argue the instructions are inconsistent with Defendant's application of ORS 316.037(2) because they do not provide for taxing "non-Oregon sourced income by a nonresident." (*Id*.)

On the contrary, ORS 316.037(2) is consistent with taxing only the Oregon-source income of nonresidents. As described above, it prorates nonresidents' income tax according to

---

[2] The effect of prorating credits and deductions is perhaps felt more keenly by taxpayers residing part of the year in jurisdictions without a personal income tax because such taxpayers cannot claim a share of the prorated deductions elsewhere.

the ratio of their Oregon income over their total federal income. Although an error in the tax form instructions would not entail an ambiguity in the statute, Plaintiffs have not shown that Defendant's instructions were in error.[3]

Plaintiffs argue that ORS 316.037(2) contradicts a legislative policy stated in ORS 316.007 to "[m]ake the Oregon personal income tax law identical in effect to the provisions of the Internal Revenue Code * * *." Specifically, Plaintiffs argue that Oregon departs from a federal practice of taxing only U.S. source income of nonresident aliens. As stated above, Plaintiffs' premise is incorrect: ORS 316.037(2) does not tax the non-Oregon source income of nonresidents. There is no conflict between ORS 316.037(2) and 316.007.[4]

Plaintiffs argue that ORS 316.037(2) contradicts legislative goals stated in ORS 316.003, specifically the recognition of "[f]airness and equity" as the tax system's "basic values." Plaintiffs allege that taxing an out-of-state resident's non-Oregon source income would be self-evidently unfair.

While such a tax would violate the basic principle of taxation stated in *Zemke*, 17 OTR at 25–26, the tax imposed by ORS 316.037(2) is not such a tax because it is prorated to correspond to Oregon-source income. Whether ORS 316.037(2) is fair and equitable is a question for the legislature. As described above, its provisions equalize the effective tax rate paid by part-year

/ / /

---

[3] In general, an error in the tax form instructions does not invalidate a statute. *Compare Bradfute v. Dept. of Rev.*, TC-MD 180370G, 2020 WL 960078 at *5 (Or Tax M Div Feb 27, 2020) (holding traveling expenses for construction worker subtraction may be substantiated using standard mileage rate pursuant to ORS 316.818 and regulations) *with 2015 Oregon Publication 17 1/2* at 63–64 (stating construction workers "cannot use a standard mileage rate to figure expenses").

[4] If there were a conflict, the intent expressed in the words of the more specific statute would take precedence over a more general statement of intent: "When a general provision and a particular provision are inconsistent, the latter is paramount to the former so that a particular intent controls a general intent that is inconsistent with the particular intent." ORS 174.020(2).

residents and full-year residents of similar income and allow deductions and exemptions in proportion to Oregon income.

Finally, Plaintiffs allege that ORS 316.037(2) contradicts this court's precedent. But Plaintiffs cite cases only for the unobjectionable proposition that non-Oregon source income can only be taxed to Oregon residents. Once again, the tax under ORS 316.037(2) does not violate that principle; it excludes from Oregon income tax a prorated share corresponding to the part-year resident's non-Oregon source income.

### III. CONCLUSION

Because the tax imposed by ORS 316.037(2) is prorated in the ratio of Oregon source income to income from all sources, it does not impose a tax on the non-Oregon source income of nonresidents. There being no genuine issue as to any material fact, Defendant is entitled to prevail as a matter of law. *See* TCR 47 C; TCR–MD 13 B.[5] Now, therefore,

IT IS ORDERED that Defendant's motion for summary judgment is granted and Plaintiffs' motion for summary judgment is denied.

_____

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

***This document was signed by Magistrate Poul F. Lundgren and entered on June 8, 2021.***

_____

[5] Tax Court Rules (TCR); Tax Court Rules – Magistrate Division (TCR–MD)